UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **MICHAEL FORBES** | **CIVIL ACTION NO. 3:11-cv-0369** |
| LA. DOC #547090 | |
| VS. | **SECTION P** |
| | **JUDGE ROBERT G. JAMES** |
| **WARDEN BILLY TIGNER, ET AL.** | **MAGISTRATE JUDGE KAREN L. HAYES** |

REPORT AND RECOMMENDATION

*Pro se* plaintiff Michael Forbes, proceeding *in forma pauperis*, filed the instant civil rights complaint pursuant to 42 U.S.C. §1983 on March 3, 2011. Plaintiff is an inmate in the custody of Louisiana's Department of Public Safety and Corrections (DOC). He is incarcerated at the Jackson Parish Corrections Center (JPCC), Jonesboro, Louisiana and he complains that he has been denied prompt and adequate medical attention. He sued Jackson Parish Sheriff Andy Brown, Warden Billy Tigner, Warden Ducote, and Nurse Whitehead. He prayed only for injunctive relief – a follow up appointment with Nurse Whitehead and a "chance to be transfer" to the DOC for "additional medical care." This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that the complaint be **DISMISSED WITH PREJUDICE** for failing to state a claim for which relief may be granted.

*Background*

Plaintiff is a 22 year old male who is incarcerated at the JPCC. On September 17, 2010, while outdoors, he complained to corrections officers about the heat and tightness in his chest which was making it difficult for him to breathe. He was immediately escorted to the building by two

corrections officers and upon his arrival, he fainted. Nurse Whitehead told him to return to his dorm and rest; however, when he arrived at the dorm he began to vomit and he lost consciousness again. He was taken again to see Nurse Whitehead and she had him transported to the Jackson Parish Hospital. Upon arrival, plaintiff was examined in the Jackson Parish Hospital Emergency Room. He was discharged on the same date with instructions to drink plenty of liquids (sports drinks), eat a balanced diet, and take all medication as ordered. (However, it appears from the discharge instructions that no medication was ordered by the Emergency Room physician.) He was directed to follow up with a physician or return to the emergency room "for any problems or concerns." On October 17, 2010, he submitted a grievance requesting a "follow up" visit but listing no symptoms or other concerns. [Doc. 1, pp. 5, 7]

In February 2011, plaintiff vomited and had what he described as a "seizure." He requested some unspecified medication; however, his request was denied by Nurse Whitehead and he was placed on lock down. On February 25, 2011, he submitted another grievance complaining of those circumstances. [Doc. 1, p. 6] Plaintiff signed his complaint on the same date. Therein he complained that he wrote Warden Tigner, Warden Ducote, and Nurse Whitehead "time and again" about his health. He complained that Nurse Whitehead refused to "follow up" as was ordered by the emergency room physician, and he prayed for his transfer to another facility or "a follow up appointment with Nurse Whitehead."

### *Law and Analysis*

#### *1. Screening*

When a prisoner is allowed to proceed *in forma pauperis* in a suit against an officer or employee of a governmental entity pursuant to 42 U.S.C. §1983, the court is obliged to evaluate the

complaint and dismiss it without service of process, if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C.1915A; 28 U.S.C.1915(e)(2). *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir.1990).

A civil rights complaint fails to state a claim upon which relief can be granted if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations of the complaint. Of course, in making this determination, the court must assume that all of the plaintiff's factual allegations are true. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir.1998).

A hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n. 4 (5th Cir.1991). A district court may dismiss a prisoner's civil rights complaint as frivolous based upon the complaint and exhibits alone. *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir.1986).

District courts must construe *in forma pauperis* complaints liberally, but they are given broad discretion in determining when such complaints are frivolous. *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir.1994).

A civil rights plaintiff must support his claims with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations. *Ashcroft v. Iqbal,* ___ U.S. ___, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009); *Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir.1995). Furthermore, a district court is bound by the allegations in a plaintiff's complaint and is "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d at 97.

Courts are not only vested with the authority to dismiss a claim based on an indisputably

meritless legal theory, but are also afforded the unusual power to pierce the veil of the factual allegations and dismiss those claims whose factual contentions are clearly baseless. *Neiztke v. Williams*, 490 U.S. 319, 327, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

Plaintiff's original complaint, along with the documentary evidence he submitted, provides a sufficiently detailed statement of plaintiff's claims; further amendment would serve no useful purpose.

## 2. Medical Care

Plaintiff claims that he was denied appropriate medical care when he was denied a "follow up" subsequent to his September 17, 2010, visit to the Jackson Parish Emergency Room. He also claims that he was denied some unspecified medication after he vomited and experienced what he described as a seizure in February 2011.

The constitutional right of a convicted prisoner to prompt and adequate medical care is based upon the Eighth Amendment's prohibition of cruel and unusual punishment. Rights guaranteed under the Eighth Amendment are violated only if the defendants act with deliberate indifference to a substantial risk of serious harm which results in injury. Deliberate indifference requires that the defendants have subjective knowledge of the risk of harm. Mere negligence or a failure to act reasonably is not enough. The defendants must have the subjective intent to cause harm. *Estelle v. Gamble*, 429 U.S. 97, 104, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976).

Thus, in order to establish an actionable constitutional violation a plaintiff must allege facts tending to establish that the defendants were deliberately indifferent to his serious medical needs and safety. *Thompson v. Upshur County, Texas*, 245 F.3d 447, 457 (5th Cir.2001). A showing of deliberate indifference with regard to medical treatment requires the inmate to submit evidence that

prison officials " 'refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs.' " *Domino v. Texas Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir.2001) (citation omitted). Plaintiff's pleadings fall far short of alleging facts sufficient to establish deliberate indifference on the part of any of the named defendants or any of the other corrections officers or healthcare officials identified in his pleadings. As a matter of fact, with regard to the September 17, 2010, incident, it appears that plaintiff was immediately assisted indoors when he complained to the corrections officers on the yard; thereafter, he was seen by Nurse Whitehead who directed him to the dorm so that he could rest; when he vomited and then fainted, he was taken to the nearby hospital's emergency room where he was apparently examined and treated by a physician and discharged with instructions to consume liquids and to follow up should the problems persist. It does not appear from the exhibits and pleadings that any further problems arose until February when plaintiff again vomited and experienced some loss of consciousness which he described as a seizure. Nevertheless, a period of more than 3 months have elapsed since that event and plaintiff has not alleged that his health in any way deteriorated.

     It is obvious that plaintiff simply disagrees with the diagnosis and course of treatment that were recommended during the course of his incarceration. Diagnosis and treatment decisions are a classic example of a matter best left to the medical judgment of health care professionals. *Gobert*, 463 F.3d at 346. Plaintiff's disagreement with medical diagnosis or treatment does not state a claim under the Eighth Amendment. *See Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir.1997), citing *Young v. Gray*, 560 F.2d 201, 201 (5th Cir.1977); *Spears v. McCotter*, 766 F.2d 179, 181 (5th Cir.1985).

To the extent that the pleadings imply negligence or even malpractice on the part of the defendants with regard to his medical care claim, he still fails to state a claim for which relief may be granted since deliberate indifference is not the equivalent of negligence. Put simply, deliberate indifference "describes a state of mind more blameworthy than negligence." *Farmer v. Brennan*, 511 U.S. 825, 835, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). Under the deliberate indifferent standard, it is not sufficient that defendants should have known of a substantial risk; they must have actual knowledge of the risk and must thereafter have ignored it. In other words, a civil rights plaintiff must allege and prove that each of the defendants knew of and then disregarded an excessive risk of injury to him, and that they were both aware of the facts from which the inference could be drawn that a substantial risk of serious harm existed, and that they drew that inference. *Id.* at 837.

Finally, plaintiff seeks only a "follow up" examination. There is no indication in the record that such relief has been denied or, that the treatment plaintiff is now receiving is inappropriate.

Plaintiff has failed to state a claim for which relief may be granted.

### 3. Transfer to an LDOC Facility

Plaintiff seeks a transfer to another facility. Under Louisiana law, "any individual subject to confinement in a state adult penal or correctional institution shall be committed to the Louisiana Department of Public Safety and Corrections and not to any particular institution within the jurisdiction of the department. <u>The director of corrections shall assign each newly committed inmate to an appropriate penal or correctional facility. The director may transfer an inmate from one such facility to another, insofar as the transfer is consistent with the commitment and in accordance with treatment, training and security needs established by the department</u>..." See La. R.S.15:824(A).

Plaintiff is an LDOC inmate and therefore his placement is solely within the purview of the

LDOC. Broad discretionary authority must be afforded to prison administrators because the administration of a prison is "at best an extraordinarily difficult undertaking." *Wolff v. McDonnell*, 418 U.S. 539, 566, 94 S.Ct. 2963, 2979, 41 L.Ed.2d 935 (1974) To hold that any substantial deprivation imposed by prison authorities triggers the procedural protections of the Due Process Clause would subject to judicial review a wide spectrum of discretionary actions that traditionally have been the business of prison administrators rather than of the federal courts. *Meachum v. Fano*, 427 U.S. 215, 225, 96 S.Ct. 2532, 2538, 49 L.Ed.2d 451 (1976). "Lawful incarceration brings about the necessary withdrawal or limitation of many privileges and rights, a retraction justified by the considerations underlying our penal system." *Price v. Johnston*, 334 U.S. 266, 285, 68 S.Ct. 1049, 1060, 92 L.Ed. 1356 (1948).

Prisoners simply do not have a constitutionally derived liberty interest in being held in any particular institution. *See Meachum v. Fano*, 427 U.S. 215, 224, 96 S.Ct. 2532, 2538, 49 L.Ed.2d 451 (1976); *Olim v. Wakinekona*, 461 U.S. 238, 103 S.Ct. 1741, 75 L.Ed.2d 813 (1983); *Montanye v. Haymes*, 427 U.S. 236, 96 S.Ct. 2543, 49 L.Ed.2d 466 (1976); *Adams v. Gunnell*, 729 F.2d 362, 368 (5th Cir. 1984); *Oladipupo v. Austin,* 104 F.Supp.2d 643 (W.D.La. 2000). Plaintiff's allegation to the contrary fails to state a claim for which relief may be granted.

### *Recommendation*

Therefore,

**IT IS RECOMMENDED** that plaintiff's civil rights complaints be **DISMISSED WITH PREJUDICE** for failing to state a claim on which relief may be granted in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B).

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties

aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See** *Douglass v. United Services Automobile Association,* **79 F.3d 1415 (5th Cir. 1996).**

In Chambers, Monroe, Louisiana, June 7, 2011.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE